**Original filed 9/20/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO K. BENNETT, | ) | No. C 05-4014 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL; |
| | ) | DENYING PLAINTIFF'S |
| v. | ) | MOTIONS AS MOOT |
| | ) | |
| UNITED STATES POST OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | (Docket Nos. 2, 3, 5, 7) |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against the United States Post Office for delay in the delivery of his mail.  Plaintiff seeks monetary damages and injunctive relief.  Plaintiff alleges that there was a twenty-four day delay in the delivery of his transcripts, sent to him by his attorney.  Plaintiff also claims that his mail is delayed to the slow service of the post office.  Plaintiff has filed an application to proceed in forma pauperis, and three motions for appointment of counsel.  The Court construes Plaintiff's § 1983 claims as a tort claim against the United States Post Office for delay in the delivery of mail and concludes that the Defendant is immune from suit.  Accordingly, the Court will DISMISS the complaint.

1   Based upon this dismissal, Plaintiff's application to proceed in forma pauperis and

2   motions for appointment of counsel (docket nos. 2, 3, 5, 7) will be DENIED as moot.

3                                    **DISCUSSION**

4   **A.      Standard of Review**

5          A federal court must conduct a preliminary screening in any case in which a

6   prisoner seeks redress from a governmental entity or officer or employee of a

7   governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any

8   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

9   claim upon which relief may be granted or seek monetary relief from a defendant who is

10  immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be

11  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

12  1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person

13  acting under the color of state law committed a violation of a right secured by the

14  Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

15         Absent a waiver, sovereign immunity shields the Federal Government and its

16  agencies from suit.  See Loeffler v. Frank, 486 U.S. 549, 554 (1988); Holloman v. Watt,

17  708 F.2d 1399, 1401 (9th Cir. 1983) (waiver of immunity must be demonstrated by party

18  suing U.S.), cert. denied, 466 U.S. 958 (1984).  In 1946, Congress passed the Federal Tort

19  Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), which waived the sovereign

20  immunity of the United States for certain torts committed by federal employees acting

21  within the scope of their employment.  See FDIC v. Meyer, 510 U.S. 471, 475-76 (1994).

22  Under 28 U.S.C. § 2680(b), the United States retains sovereign immunity for tort claims

23  against it for "loss, miscarriage, or negligent transmission of the mails."  Anderson v.

24  United States Postal Serv., 761 F.2d 527, 528 & n.4 (9th Cir. 1985) (citation and internal

25  quotations omitted).

26  \\\

27  \\\

28  \\\

Order of Dismissal
P:\pro-se\sj.jf\cr.05\Bennett014dis                     2

1 **B.     Legal Claims**

2       Plaintiff alleges that the United States Post Office in Crescent City, California

3 delayed his transcripts mailed to him by his attorney for twenty-four days with no

4 explanation.  Plaintiff also maintains that his mail has been delayed for up to one month.

5 Plaintiff seeks relief in the form of $5,000,000 dollars in monetary damages and

6 injunctive relief through the loss of employment for the post office employees.  See

7 Complaint at 3-4.

8       Plaintiff's claims under § 1983 are not cognizable because there is no state actor

9 involved, rather the United States Post Office is the Defendant.  The Court construes

10 Plaintiff's complaint as an allegation of tort claims arising out of the alleged delay of his

11 mail, however this Court lacks subject matter jurisdiction over this action.  Congress

12 passed the Federal Tort Claims Act ("FTCA"), which waived the sovereign immunity of

13 the United States for certain torts committed by federal employees.  FDIC v. Meyer, 510

14 U.S. at 475-76; Anderson v. United States Postal Serv., 761 F.2d at 528.  However, the

15 FTCA's waiver of sovereign immunity does not extend to tort claims arising out of the

16 loss, miscarriage, or negligent transmission of mail.  Anderson, 761 F.2d at 528.

17 Accordingly, Plaintiff's claims are subject to dismissal with prejudice for lack of subject

18 matter jurisdiction based upon the immunity of the United States Post Office.

19       Although the Court generally grants leave to amend after an initial screening of a

20 complaint under 28 U.S.C. 1915A, the Court concludes that here, leave would serve no

21 purpose as a viable civil rights claim or tort claim cannot be stated against the United

22 States Post Office as a Defendant.

23                              **CONCLUSION**

24       Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim

25 pursuant to 42 U.S.C. § 1983 and the Court's lack of subject matter jurisdiction over his

26 tort claims against the United States Post Office.

27 \\\

28 \\\

1   Based upon this dismissal, Plaintiff's application to proceed in forma pauperis and

2   motions for appointment of counsel (docket nos. 2, 3, 5, 7) are DENIED as moot.

3   The Clerk shall terminate any pending motions and close the file.

4        IT IS SO ORDERED.

5   DATED: _9/15/06_                          /s/jeremy fogel
                                              JEREMY FOGEL
6                                             United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    This is to certify that a copy of this ruling was mailed to the following:

2

     Mario Bennett
3    V-23447
     Pelican Bay State Prison
4    P.O. Box 7500
     B-1-124
5    Crescent City, CA  95531

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.jf\cr.05\Bennett014dis                5